IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **Kevin Wheeler,** | ) | |
| **Plaintiff,** | ) | **Case No: 16 C 5591** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Dynamex Operations East,** | ) | |
| **Defendant.** | ) | |

## ORDER

For the reasons stated below, Dynamex's motion to dismiss and compel arbitration [19] is granted in part. The complaint is dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). Civil case terminated.

## STATEMENT

Kevin Wheeler worked for Dynamex Operations East as a delivery driver from approximately December 2011 to December 2014, when he was terminated. Proceeding pro se, Wheeler contends that he was improperly categorized as an independent contractor, alleging violations of the Fair Labor Standards Act, the Illinois Wage Payment Collection Act, and the Illinois Minimum Wage Law. Dynamex moves to dismiss the complaint and compel arbitration.

Dynamex attaches to its motion a copy of an independent contractor operating agreement, which is signed by Wheeler and dated December 23, 2011. The agreement contains the following three provisions:

> 17. GOVERNING LAW. *This agreement shall be governed by the Laws of the State of Texas*, as the principal place of business of DYNAMEX,and 49 CFR 367.1 et seq., both as to interpretation and performance.
>
> 18. CHOICE OF FORUM. *The parties agree that any legal proceedings between the parties arising under*, arising out of, or relating to the relationship created by this Agreement, including arbitration proceedings discussed below, *shall be filed and/or maintained in Dallas, Texas or the nearest location in Texas* where such proceedings can be maintained.
>
> 19. DISPUTE RESOLUTION. *All disputes and claims arising under*, out of, or relating to this Agreement, including an allegation of breach thereof, and any disputes arising out of or relating to the relationship created by this Agreement or prior agreements between us, including any claims or disputes arising under any state or federal laws, statutes or regulations, and any disputes as to the rights and obligations of the parties, including the arbitrability of disputes between the parties, *shall be fully resolved by arbitration* in accordance with Texas's

>Arbitration Act and/or the Federal Arbitration Act. Any arbitration between the parties will be governed by the Commercial Arbitration Rules of the American Arbitration Association ("the Rules"). The parties specifically agree that no dispute may be joined with the dispute of another and agree that class actions under this arbitration provision are prohibited. In the event of a conflict between the Rules and the provisions of this Agreement, the provisions of this Agreement shall control. Exceptions/clarifications of the Rules include:(i) the proceedings shall be conducted by a single, neutral arbitrator to be selected by the parties, or, failing that, appointed in accordance with the Rules, (ii) the substantive law of the State of Texas shall apply, and (iii) the award shall be conclusive and binding. *The place of the arbitration herein shall be Dallas, Texas*. Both parties agree to be fully and finally bound by the arbitration award, and judgment may be entered on the award in any court having jurisdiction thereof. The parties agree that the arbitration fees shall be split between the parties, unless CONTRACTOR shows that the arbitration fees will impose a substantial financial hardship on CONTRACTOR as determined by the Arbitrator, in which event DYNAMEX will pay the arbitration fees.

(Def.'s Mot. Dismiss Compel Arbitration, Ex. A, Dkt. 20-1, ¶¶ 17-19) (emphasis added).

Dynamex seeks to dismiss and compel arbitration on several grounds. The Court, however, will address only one, that the complaint be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3), as it disposes of the motion. The Seventh Circuit has held that "a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011).

As quoted above, Wheeler's claims relating to the independent contractor agreement with Dynamex require mandatory arbitration, which is to occur in Dallas, Texas. Although given the opportunity, Wheeler did not respond to Dynamex's motion and has therefore waived any argument in opposition. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir.2010) ("Failure to respond to an argument . . . results in waiver.").

Because the independent contractor agreement contains a provision requiring arbitration in a different district, this case is dismissed for improper venue under Rule 12(b)(3). *See Dental USA, Inc. v. Beak & Bumper, LLC*, No. 13 C 02149, 2014 WL 683709, at *5 (N.D. Ill. Feb. 21, 2014). Civil case terminated.

**Date**: October 19, 2016

_____
**Ronald A. Guzmán**
**United States District Judge**